**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE CRUZ, | No. 11-56045 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-08392-VBF-MLG |
| v. | |
| CONNIE GIPSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted March 5, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Jose Cruz appeals the district court's denial of his petition under 28 U.S.C. §
2254 for a writ habeas corpus, challenging the jury's finding that he committed a
felony "for the benefit of, at the direction of, or in association with any criminal

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Penal Code § 186.22(b)(1). We affirm.

Cruz argues that the jury's finding was not sufficiently supported by the evidence, as required by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On habeas review, sufficiency-of-the-evidence claims must overcome two layers of deference. *Juan H. v. Allen*, 408 F.3d 1262, 1274–75 (9th Cir. 2005); *see also Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam). First, a reviewing court defers to the factfinder's resolution of all conflicting evidence, overturning the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Johnson*, 132 S. Ct. at 2062. Second, a habeas court must sustain a state court decision rejecting a sufficiency-of-the-evidence challenge unless the decision reflects an unreasonable application of the *Jackson* standard. *Juan H.*, 408 F.3d at 1274–75; *see also Johnson*, 132 S. Ct. at 2062.

In the last-reasoned state court decision, the California Court of Appeal explained that the gang expert's testimony that "it is MS13's practice to discourage crimes in its territory by individuals who are not members of MS13," supported an inference that Cruz and Vicente Perez "would have a strong interest in learning whether the other was a gang member before committing a crime with him in gang territory." *People v. Cruz*, No. B211979, 2009 WL 4681814, at *4 (Cal. Ct. App.

2

Dec. 10, 2009). In light of the location of the crime, the jury could reasonably infer that Cruz knew Perez was a member of MS13 and was also an MS13 member. Moreover, the jury was entitled to credit the gang expert's explanation that the manner in which Cruz and Perez committed the robbery indicates that Cruz had some status over Perez within the gang because a non-member or a subordinate would not order an MS13 member to hand over a weapon. Furthermore, the type of crime and Cruz's gang tattoos also buttress the conclusion that he is a member of MS13.

It was neither contrary to, nor an unreasonable application of, the *Jackson* standard to conclude, based on this evidence, that Cruz and Perez "came together *as gang members*" to commit the offense, satisfying the "in association with" provision of California Penal Code section 186.22(b)(1). *People v. Albillar*, 119 Cal. Rptr. 3d 415, 427 (Cal. 2010). The jury was not required to accept Cruz's alternative theory of the case. *See Emery v. Clark*, 643 F.3d 1210, 1214 (9th Cir. 2011) (explaining that the jury was entitled to disagree with the defendant's version of events and agree with the prosecution that the defendant's explanation was "implausible").

Sufficient evidence also supports the inference that Cruz knew Perez was a member of MS13 and intended to help Perez commit the robbery. *See People v.*

*Cruz*, 2009 WL 4681814, at *5. Nothing more is required to satisfy the specific intent requirement of California Penal Code section 186.22(b)(1). *See Albillar*, 119 Cal. Rptr. 3d at 431 (explaining that the statute requires only "the specific intent to promote, further, or assist criminal conduct by *gang members*" and "[t]here is no statutory requirement that . . . 'criminal conduct by gang members' be distinct from the charged offense" or that the conduct be a "*gang-related* crime"); *see also Emery*, 643 F.3d at 1215.

**AFFIRMED.**

4